# Exhibit A

 CT Corporation

**Service of Process
Transmittal**
07/10/2018
CT Log Number 533670433

**TO:** Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:** **Process Served in District of Columbia**

**FOR:** MARRIOTT INTERNATIONAL, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AILMAD KHOSRAVI, Pltf. vs. MARRIOTT INTERNATIONAL, INC., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Order, Sheet(s), Complaint |
| **COURT/AGENCY:** | SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, Dc<br>Case # 2018CA004707B |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 03/09/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/10/2018 postmarked on 07/05/2018 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bruce M. Bender<br>Axelson, Williamowsky, Bender & Fishman, P.C.<br>1401 Rockvile Pike, Suite 650<br>Rockville, MD 20852<br>301-738-7660 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/11/2018, Expected Purge Date: 07/16/2018 |
| | Image SOP |
| | Email Notification, Jack Tamburello Jack.Tamburello@marriott.com |
| | Email Notification, Randi Neches Randi.Neches@Marriott.com |
| | Email Notification, Reine Blackwell-Moore reine.blackwell@marriott.com |
| | Email Notification, Eleni Planzos Eleni.Planzos@marriott.com |
| | Email Notification, Matthew Casassa Matthew.Casassa@Marriott.com |
| | Email Notification, Cara Anderson Cara.Anderson@marriott.com |
| | Email Notification, Fran Kassner Fran.Kassner@marriott.com |
| | Email Notification, Michael Martinez Michael.Martinez@marriott.com |

Page 1 of 2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
07/10/2018
CT Log Number 533670433

**TO:**   Jack Tamburello
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:**   **Process Served in District of Columbia**

**FOR:**   MARRIOTT INTERNATIONAL, INC.  (Domestic State: DE)

Email Notification,  Theresa Coetzee  Theresa.Coetzee@marriott.com

Email Notification,  Andrew Wright  Andrew.PC.Wright@marriott.com

Email Notification,  Dave Bell  Dave.Bell@marriott.com

Email Notification,  Margot Metzger  Margot.Metzger@Marriott.com

**SIGNED:**      C T Corporation System
**ADDRESS:**   1015 15th St NW Ste 1000
Washington, DC 20005-2621
**TELEPHONE:**   202-572-3133

Page 2 of  2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**AXEL**
**BENDER & FISHMAN, P. C.**
**1401 Rockville Pike, Suite 650**
**Rockville, Maryland 20852**



CERTIFIED MAIL®

7014 1820 0002 3283 1170



NEOPOST
07/05/2018
US POSTAGE $008.30⁰

ZIP 20852
041L10416220

**CT Corporation System**
**1015 15th Street, N.W.**
**Suite 1000**
**Washington, DC 20005**

Kh040-1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Ahmad Khosravi
_____
Plaintiff

vs.

Marriott International, Inc.                    Case Number  **2018 CA 004707 B**
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Bruce M. Bender, Esq.
_____
Name of Plaintiff's Attorney

1401 Rockville Pike, Suite 650
_____
Address

Rockville, Maryland 20852

(301) 738-7660
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  07/03/2018

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요.      ናይ ትርጉም ኣገልግሎት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
                    contra

                                                        Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

                                            Por: _____

Dirección
_____
                                                        Subsecretario
_____

                                            Fecha _____

Teléfono
_____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828로 전화 주십시오        የአማርኛ  ትርጉም  ለማግኘት  (202) 879-4828  ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                        Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

AHMAD KHOSRAVI
 Vs.
             C.A. No.  2018 CA 004707 B
MARRIOTT INTERNATIONAL, INC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

              Chief Judge Robert E. Morin

Case Assigned to: Judge FLORENCE Y PAN
Date:  July 3, 2018
Initial Conference: 9:30 am, Friday, September 28, 2018
Location:  Courtroom 415
     500 Indiana Avenue N.W.
     WASHINGTON, DC 20001

                   CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Ahmad Khosravi

Case Number: __2018 CA 004707 B__

vs

Date: _____

Marriott International, Inc.

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Bruce M. Bender, Esq. | Relationship to Lawsuit |
| Firm Name:<br>Axelson Williamowsky Bender & Fishman PC | ☒ Attorney for Plaintiff |
| Telephone No.:           Six digit Unified Bar No.:<br>(301) 738-7660           381319 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $_____   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

## A. CONTRACTS                          COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
      Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
      Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
      Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
      Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
      Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
      Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
   Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

- ☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

_____
Date

CV-496/ June 2015

Filed
D.C. Superior Court
08/29/2018 16:15PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

**AHMAD KHOSRAVI**                    *
15955 Frederick Road, Apt 1602
Derwood, MD 20855                      *

     Plaintiff,                    *

v.                                     *      Civil No: **2018 CA 004707 B**

**MARRIOTT INTERNATIONAL, INC.**      *      Complaint
10400 Fernwood Road                            Jury Trial Demanded
Bethesda, MD 20817                     *

     SERVE: Resident Agent:        *
     CT Corporation System
     1015 15th Street, NW           *
     Suite 1000
     Washington, D.C., 2005         *

     Defendant.                    *

---

## COMPLAINT

    Plaintiff, AHMAD KHOSRAVI, hereby brings the following Complaint against

Defendant, MARRIOTT INTERNATIONAL, INC. d/b/a JW Marriott Hotel, and in support

thereof, states as follows:

### Parties and Jurisdiction

1.    This action arises under and concerns provisions of the Civil Rights Act of 1964 ("Title

    VII"), 42 U.S.C. § 2000e et seq., and the District of Columbia Human Rights Act of 1977

    ("DCHRA"), as amended, D.C. Code § 2-1401.01 et seq..

2.    All conditions precedent to jurisdiction under § 706 of the Title VII, 42 U.S.C. § 2000e-5

    have occurred or been complied with.

3.  Plaintiff has exhausted all administrative remedies required in employment discrimination actions under Title VII and the DCHRA.  A charge of discrimination on the basis of race and national origin discrimination was filed by the Plaintiff with the District of Columbia Office of Human Rights, which was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"); notification of the Right to Sue was issued by the EEOC on or about April 4, 2018 and this Complaint has been filed within 90 days of receipt of said Right to Sue notice.

4.  Plaintiff, Ahmad Khosravi, is a citizen and resident of the State of Maryland, and resides in Montgomery County, Maryland

5.  Upon information and belief, Defendant Marriott International, Inc. is a corporation incorporated and existing pursuant to the laws of the State of Delaware, but which, at all times relevant herein, operated and conducted substantial business within the District of Columbia, including the operation and management of hotels and related lodging facilities.

6.  Defendant is a "person" within the meaning of: (1) § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and (2) the DCHRA, as amended, D.C. Code § 2-1401.02.

7.  Defendant is an "employer" for purposes of and covered by: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), because they are engaged in an industry affecting commerce and employs fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the same calendar year, and (2) the DCHRA as it is a person who, for compensation, employs an individual, under D.C. Code § 2-1401.02.

2

8.   Venue is proper in this Court because the unlawful employment practices giving rise to Plaintiff's claims were committed in the District of Columbia.

## STATEMENT OF FACTS

9.   Plaintiff, Mr. Ahmad Khosravi, is a 38-year old United States Citizen who was born in the country of Iran.

10.  In 2012, Plaintiff started working for Defendant, Marriott International, Inc., as a full-time banquet server at Defendant's JW Marriott hotel located at 1331 Pennsylvania Ave NW, Washington, DC 20004.

11.  At all times relevant to this dispute, Plaintiff was the only employee at Defendant's hotel who was Iranian or of Iranian descent, upon information and belief

12.  Moreover, and at all times relevant to this dispute, Plaintiff was the only employee at Defendant's hotel that was even from the geographic region near Iran, (i.e. "the Middle East") upon information and belief.

13.  Each year up until his discriminatory discharged from Defendant's employ, Plaintiff received superior performance reviews, had perfect attendance and was one of the hardest working employees in his unit which included approximately 36 full-time servers.

14.  Under Defendant's Progressive Discipline Policy, an employee who has two active written warnings and then a third incident warranting a written warning during a 12-month period may be terminated.

15.  In an effort to terminate Plaintiff because of his race and national origin, Defendant's supervisors started writing Plaintiff up for frivolous, false and pre-textual reasons.

16.  On May 23, 2017, Plaintiff's manager, Mr. Michael Hinshaw, wrote up Plaintiff on a

3

Disciplinary Action Form allegedly because Plaintiff's name tag and griffin pin were not on his uniform.

17.    The reason provided by the Employer for this discipline was false and a pretext for unlawful discrimination. The real reason was Plaintiff's race and national origin.

18.    On February 6, 2018, Plaintiff's manager, Ms. Noureddine Chirchi, wrote up Plaintiff on a Disciplinary Action Form allegedly due to Plaintiff raising his voice.

19.    The reason provided by the Employer for this discipline was false and a pretext for unlawful discrimination. The real reason was Plaintiff's race and national origin.

20.    Just six days later, on February 12, 2018, Plaintiff was written up a third time on a Disciplinary Action Form by the same manager, Ms. Noureddine Chirchi, for an unspecific event relating to allegedly making offensive and sarcastic remarks.

21.    Again, the reason provided by the Employer for this discipline was false and a pretext for unlawful discrimination. The real reason was Plaintiff's race and national origin.

22.    Prior to the three write ups Defendant failed to provide any verbal warning, which according to Defendant's own Progressive Discipline Policy is the first step in the progressive discipline process. Rather than issuing a verbal warning for any of the alleged conduct, the Defendant skipped a disciplinary step and issued a written warning for false and pre-textual reasons.

23.    Plaintiff was terminated by Defendant on March 9, 2018.

24.    The Defendant's termination of Plaintiff and the issuance of the three written warnings and other disciplinary action did not follow company policies and procedures.

25.    Upon information and belief, Plaintiff's position remained open to similarly qualified

applicants after plaintiff's dismissal and was eventually filled by someone outside of Plaintiff's protected class.

## COUNT I
### (Race and National Origin Discrimination under Title VII & DCHRA-Disparate Treatment)

26.    Plaintiff re-alleges paragraphs 1 through 25 and incorporates them by reference as though fully stated herein.

27.    Plaintiff is a member of a protected class as he is a male of middle eastern decent and born in the country of Iran.

28.    Plaintiff was qualified for his job as a banquet server and performed satisfactorily at his job from 2012 until his termination in March of 2018.

29.    That Defendant, through its agent, employees and managers, including Mr. Michael Hinshaw and Ms. Noureddine Chirchi, discriminated against Plaintiff by terminating his employment as a result of Plaintiff's race and his national origin.

30.    Defendant Marriott International, Inc. did not follow company policies and procedures when it terminated Plaintiff.

31.    Any reason offered by Defendant for Plaintiff's termination is false and a pretext for unlawful discrimination. The real reason for Plaintiff's termination was Plaintiff's race and national origin.

32.    Other employees, who were not members of Plaintiff's protected class, were retained or treated less severely under similar circumstances.

33.    Defendant's discrimination against Plaintiff is in violation of the rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by

5

the Civil Rights Act of 1991, and the DCHRA, as amended, under D.C. Code § 2-1402.11(a).

34.    As a result of the violation of the Title VII and DCHRA rights of Plaintiff, Plaintiff is entitled to equitable monetary relief to remedy and compensate Plaintiff for the effects of the Defendant's unlawful actions.

35.    As a result of Defendant's intentional violation of the Title VII and DCHRA rights of Plaintiff, Plaintiff has suffered mental anguish, humiliation, emotional distress, pain and suffering, inconvenience and loss of enjoyment of life, thereby entitling him to compensatory damages.

36.    In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

37.    Plaintiff has lost wages and other pecuniary losses as a result of Defendant's intentional discrimination in violation of Title VII and the DCHRA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant in an amount to be produced at trial, including an award for the value of all compensation, back pay, and benefits lost and that Plaintiff will lose in the future as a result of Defendant's unlawful conduct, compensatory and punitive damages, pre-judgment interest, as well as reasonable attorney's fees, expert fees, and costs, pursuant to 42 U.S.C. §2000e-5(k) and under D.C. Code § 2-1403.13, and such other relief as this Court deems just and proper.

### COUNT II
### (Violation of 42 U.S.C. § 1981)

38.    Plaintiff re-alleges paragraphs 1 through 37 and incorporates them by reference as though fully stated herein.

6

39.     Defendant disparately treated Plaintiff by disciplining him and subsequently terminating him on the basis of his race, ancestry and ethnic characteristics.

40.     Defendant treated Plaintiff more severely by firing him than those outside of his protected class under similar circumstances.

41.     Defendant's intentional discrimination on the basis of Plaintiff's race, ancestry and ethnic characteristics against Plaintiff is in violation of the rights of Plaintiff afforded by the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

42.     By the conduct described above, Defendant intentionally deprived Plaintiff of the full and equal benefit of all laws and proceedings as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

43.     As a result of Defendant's discrimination in violation of Section 1981, the Plaintiff has been denied employment and promotional opportunities, including substantial compensation, loss of wages and other benefits, thereby entitling Plaintiff to equitable monetary relief.

44.     Plaintiff has also suffered mental anguish, humiliation, emotional distress, pain and suffering, inconvenience and loss of enjoyment of life, thereby entitling him to compensatory damages.

45.     In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling him to an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant in an amount to be produced at trial, including an award for the value of all compensation and benefits lost and that Plaintiff will lose in the future as a result of Defendant's unlawful conduct,

7

compensatory and punitive damages, pre-judgment interest, as well as reasonable attorney's fees,

expert fees, and costs, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts as to all issues so triable.

Respectfully submitted,

**AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.**

By: _____

Bruce M. Bender, Esq.,
D.C. Bar 381319
1401 Rockville Pike, Suite 650
Rockville, MD 20852
(301) 738-7660 (Office)
(301) 424-0124 (Fax)
bmb@awbflaw.com

8